UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: PROCTER & GAMBLE COMPANY "PROTECT, GROW, AND RESTORE" MARKETING AND SALES PRACTICES LITIGATION | Case No. 2:25-md-03157-DRC-KAJ<br><br>Judge Douglas R. Cole<br><br>Magistrate Judge Kimberly A Jolson |

**PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL ................................................................................ 1

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND .................................................................................................... 2

III. LEGAL STANDARD ............................................................................................. 2

IV. ARGUMENT .......................................................................................................... 3

    A. Proposed Interim Class Counsel Have Substantially Advanced This Litigation ...................................................................................................... 3

    B. Proposed Interim Class Counsel Possess the Necessary Experience, Skill and Knowledge .................................................................................. 4

        1. Interim Lead Counsel ..................................................................... 4

            a. Steve W. Berman (Hagens Berman Sobol Shapiro LLP) ................ 4

            b. Catherine Y.N. Gannon (Hagens Berman Sobol Shapiro LLP) ...................................................................................................... 5

        2. Interim Liaison Counsel .................................................................. 6

            a. Terence R. Coates (Markovits, Stock & DeMarco, LLC) ............... 6

    C. The Proposed Interim Lead Counsel Structure Balances Strategic Guidance with Next Generation Development ......................................... 8

    D. Interim Class Counsel Can Commit the Necessary Resources to Support Appointment ................................................................................ 9

    E. Other Factors Support Designating Proposed Interim Class Counsel ..... 9

V. CONCLUSION ..................................................................................................... 11

CERTIFICATE OF SERVICE ............................................................................................. 13

# TABLE OF AUTHORITIES

**PAGE(S)**

### CASES

*In re Aluminum Phosphide Antitrust Litig.*,
  No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994) ................................................. 9

*In re Am. Honda Motor Co., Inc.*,
  No. 2:15-MD-2661, 2015 WL 12723036 (S.D. Ohio Dec. 18, 2015) ............................ 2, 6

*Bechtel v. Fitness Equip. Servs., LLC*,
  339 F.R.D. 462 (S.D. Ohio 2021) .................................................................................... 7

*Bechtel v. Fitness Equip. Servs., LLC*,
  No. 1:19-cv-726, 2022 WL 22726832 (S.D. Ohio Sept. 30, 2022) .................................. 7

*Bedont v. Horizon Actuarial Servs., LLC*,
  No. 1:22-CV-01565, 2022 WL 3702117 (N.D. Ga. May 12, 2022) ................................ 8

*Bowling v. Pfizer, Inc.*,
  144 F. Supp. 3d 945 (S.D. Ohio 2015) ............................................................................ 7

*Day v. NLO, Inc.*,
  No. 1:90-cv-67 (S.D. Ohio) ............................................................................................. 7

*Jaeger v. Zillow Grp., Inc.*,
  No. 24-6605, 2025 WL 2741642 (9th Cir. Sept. 26, 2025) .............................................. 5

*Kubiak v. Barbas*,
  No. 3:11-cv-141, 2011 WL 2443715 (S.D. Ohio June 14, 2011) ................................... 10

*In re Mercy Health ERISA Litig.*,
  No. 1:16-cv-441, 2016 WL 8542891 (S.D. Ohio Dec. 2, 2016) ....................................... 1

*Miranda v. Xavier Univ.*,
  No. 1:20-cv-539, 2023 WL 6443122 (S.D. Ohio Oct. 3, 2023) ....................................... 7

*In re MyFord Touch Consumer Litig.*,
  No. 3:13-cv-03072 (N.D. Cal.) ........................................................................................ 6

*In re Philips Recalled CPAP, Bi-Level PAP, & Mechanical Ventilator Prods. Liab. Litig.*,
  MDL No. 3014, PTO No. 8 (W.D. Pa. Feb. 25, 2022) .................................................... 9

*Schellhorn v. Timios, Inc.*,
  No. 2:221-cv-08661, 2022 WL 4596582 (C.D. Cal. May 10, 2022) ............................... 8

*Shy v. Navistar Int'l Corp.*,
  No. 3:92-CV-00333, 2022 WL 2125574 (S.D. Ohio June 13, 2022) .............................. 7

*In re Suboxone (Buprenorphine/Naloxone) Antitrust Litig.*,
    MDL No. 3092, CMO No. 2 (N.D. Ohio July 18, 2024) ......................................................8

*Tershakovec v. Ford Motor Co.*,
    79 F.4th 1299 (11th Cir. 2023) .........................................................................................5

*Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*,
    337 F.R.D. 405 (S.D. Ohio 2021) .....................................................................................2

*Tucker v. Marietta Area Health Care*,
    No. 2:22-cv-185 (S.D. Ohio Dec. 7, 2023), ECF 38..........................................................7

*Walker v. Nautilus, Inc.*,
    No. 20-cv-3414 (S.D. Ohio Nov. 16, 2021, June 27, 2022) ECF 41, 55 .................................7

*In re Wendy's Co. S'holder Derivative Litig.*,
    No. 1:16-cv-1153, 2018 WL 6605394 (S.D. Ohio Dec. 17, 2018)..........................................10

*Williams v. Duke Energy Int'l, Inc.*,
    No. 1:08-cv-46, 2016 WL 8135282 (Apr. 25, 2016) ..........................................................7

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
    MDL No. 2924, PTO No. 20 (S.D. Fla. May 8, 2020) ........................................................8

## Rules

Fed. R. Civ. P. 23(g)(1)(A)(i) ................................................................................................3

Fed. R. Civ. P. 23(g)(1)(A), (2) .............................................................................................3

Fed. R. Civ. P. 23(g)(1)(B) ...................................................................................................3

Fed. R. Civ. P. 23(g)(1)(C) ...................................................................................................9

Fed. R. Civ. P. 23(g)(3)......................................................................................................1, 2

## Other Authorities

*Manual for Complex Litig.* § 10.22.......................................................................................3

*Manual for Complex Litig.*, § 10.221..................................................................................4, 6

Plaintiffs respectfully submit this Motion to Appoint Interim Class Counsel ("the Motion") pursuant to Federal Rules of Civil Procedure 23(g)(3).

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL

### I. INTRODUCTION

Federal Rule of Civil Procedure 23(g)(3) permits appointment of interim class counsel "to act on behalf of a putative class" where "the action has not yet been certified as a class action." *In re Mercy Health ERISA Litig.*, No. 1:16-cv-441, 2016 WL 8542891, at *2 (S.D. Ohio Dec. 2, 2016) (quoting Fed. R. Civ. P. 23(g)(3)). Plaintiffs respectfully request the Court designate Steve W. Berman and Catherine Y.N. Gannon (Hagens Berman Sobol Shapiro LLP) as Interim Lead Counsel and Terence R. Coates (Markovits, Stock & DeMarco, LLC) as Interim Liaison Counsel (collectively, "Proposed Interim Class Counsel").

Designating both Mr. Berman and Ms. Gannon as Interim Lead Counsel leverages the strategic guidance of one of the nation's most experienced MDL practitioners, with the operational leadership of an accomplished rising litigator. Such a model not only ensures efficient prosecution. It also reflects a growing consensus among courts and scholars that MDL leadership should intentionally foster the next generation of MDL lawyers, while preserving seasoned judgment that this complex litigation requires. Interim Lead Counsel, in consultation with Interim Liaison Counsel, will oversee strategic decisions in this MDL (and any subsequently filed related cases).

This structure, supported by all Plaintiffs and their counsel, ensures the case is prosecuted efficiently and is in the class's best interests. Proposed Interim Class Counsel have already devoted substantial effort to investigating and litigating these claims and bring the experience, knowledge, and resources necessary to continue advancing them effectively.

## II. BACKGROUND

This consumer protection action arises from Defendant Procter & Gamble Company's ("P&G" or "Defendant") false claims regarding its commitment to environmental sustainability while also engaging in destructive practices as to the sourcing and production of its Paper Products[1], including Charmin brand toilet paper and Puffs brand tissues. While seven actions were initially filed in six district courts across the country,[2] these actions were consolidated as an MDL and transferred to the Southern District of Ohio by the Joint Panel on Multidistrict Litigation ("JPML") on August 7, 2025. Following transfer to this Court, the Parties filed a joint status report (ECF 13) and participated in a joint case management conference. ECF 14. Defendant has reviewed this motion and takes no position on it.

## III. LEGAL STANDARD

Rule 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Notably, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405 408 (S.D. Ohio 2021) (citing *Manual for Complex Litig.* § 21.11 (4th ed. 2004)); *see also In re Am. Honda Motor Co., Inc.*, No. 2:15-MD-2661, 2015 WL 12723036, at *1 (S.D. Ohio Dec. 18, 2015) (same).

---

[1] Any capitalized terms in this motion have the same meaning as those capitalized terms in the Consolidated Complaint. ECF 16.

[2] *See Alzaidi v. Procter & Gamble Co.*, No. 3:25-04519 (N.D. Cal.); *Dean v. Procter & Gamble Co.*, No. 1:25-05977 (N.D. Ill.); *Giarrizzo v. Procter & Gamble Co.*, No. 1:25-11524 (D. Mass.); *Dupont v. Procter & Gamble Co.*, No. 0:25-02260 (D. Minn.); *Maggio v. Procter & Gamble Co.*, No. 1:25-02667 (S.D.N.Y.); *Willis. v. Procter & Gamble Co.*, No. 1:25-04461 (S.D.N.Y.); *Lowry v. Procter & Gamble Co.*, No. 2:25-00108 (W.D. Wash.).

When appointing interim class counsel, courts generally consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). The court, in its discretion, also may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of a court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." *Manual for Complex Litig.* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221.

## IV. ARGUMENT

### A. Proposed Interim Class Counsel Have Substantially Advanced This Litigation

The work performed and resources committed by Proposed Interim Class Counsel to advance this litigation demonstrate that they have (and will continue to) fairly and adequately represent the proposed Class and weighs heavily in favor of their appointment. *See* Fed. R. Civ. P. 23(g)(1)(A)(i) (requiring that the reviewing court consider the applicant's investigative and analytical efforts). Through the filing of the first complaint, Proposed Interim Lead Counsel began investigating potential legal claims and remedies available to consumers impacted by Defendant's Deceptive Claims and Common Omissions, including Plaintiffs. Those investigations included, among other things, investigating relevant regulatory guidance, the facts surrounding Defendant's product labels, public representations, and marketing regarding its environmental and sustainability practices, interviewing consumers injured by Defendant's

misrepresentations, performing legal research to identify causes of action and available legal remedies, and assessing potential damages.

Considering the number of consumers affected, Proposed Interim Class Counsel worked to organize quickly and efficiently, resulting in the September 30, 2025, filing of the Consolidated Complaint. ECF 16. Assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm involved while eliminating duplication. The substantial work and investigation to date weigh in favor of appointing Mr. Berman and Ms. Gannon as Interim Lead Counsel and Mr. Coates as Interim Liaison Counsel.

**B.     Proposed Interim Class Counsel Posses the Necessary Experience, Skill and Knowledge to Lead this Litigation.**

**1.     Interim Lead Counsel.**

Lead Counsel will formulate (in consultation with other counsel) and present positions on substantive and procedural issues during the litigation. *Manual for Complex Litig.*, § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

**a.     Steve W. Berman (Hagens Berman Sobol Shapiro LLP).**

Steve W. Berman, co-founder and managing partner of Hagens Berman Sobol Shapiro LLP, is one of the nation's most accomplished plaintiffs' attorneys, with a proven record of leadership in multidistrict and class action litigation. Over more than three decades, he has secured landmark recoveries totaling hundreds of billions of dollars in antitrust, automotive,

securities, and consumer protection cases. Mr. Berman was a key architect of the $206 billion tobacco settlement and has since led or co-led some of the most consequential MDLs in U.S. history, including the Volkswagen Dieselgate settlement, the $1.6 billion Toyota Unintended Acceleration MDL, the recent $22.8 billion NCAA NIL settlement, and the $730 million Realtor Commission settlement.

Mr. Berman has been named one of the 100 most powerful lawyers in America by *The National Law Journal*, profiled on Lawdragon's Hall of Fame, and honored as a "Titan of the Plaintiffs Bar" in 2018, 2020, 2022, and 2025. His leadership style is marked by collaboration, fairness, and accountability. He also has long been committed to fostering the development of younger attorneys.[3] Mr. Berman brings the vision, credibility, and dedication necessary to advance the interests of the class and ensure efficient, effective outcomes in this litigation.

        **b.    Catherine Y.N. Gannon (Hagens Berman Sobol Shapiro LLP).**

Catherine Y.N. Gannon, a partner at Hagens Berman Sobol Shapiro LLP, is an accomplished litigator with more than fifteen years of experience in antitrust, securities, and consumer class actions. She has argued a wide range of federal motions and successfully briefed appeals in both the Ninth[4] and Eleventh[5] Circuits. She has also served as first chair in a multi-state federal class action jury trial through to verdict—an uncommon distinction among her generation of trial lawyers.[6] Ms. Gannon has also directed discovery and trial strategy in major

---

[3] *Diversity from the Bench*, Fed. Law., May 2016, at 42 (noting that Steve Berman has long emphasized mentoring and quoting him stating "we have to pass the torch" by giving young lawyers substantive courtroom opportunities).

[4] *Jaeger v. Zillow Grp., Inc.*, No. 24-6605, 2025 WL 2741642 (9th Cir. Sept. 26, 2025) (affirming certification of a federal Securities Exchange Act claim).

[5] *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299 (11th Cir. 2023) (affirming certification of four state classes).

[6] *Tershakovec v. Ford Motor Co.*, No. 1:17-cv-21087 (S.D. Fla.) (Moreno, J.).

antitrust and securities fraud cases, and represented hundreds of thousands of consumers[7] against some of the world's largest corporations.

Recognized as a Washington Super Lawyer "Rising Star" from 2016 to 2024 and named one of the National Trial Lawyers' "Top 40 Under 40," Ms. Gannon brings to the courtroom the collaboration, discipline, and proven advocacy necessary to tenaciously advance the interests of the proposed class and ensure efficient, effective outcomes in this litigation.

### 2. Interim Liaison Counsel.

Liaison counsel is primarily charged with administrative matters, such as communications between the court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. *Manual for Complex Litig*. § 10.221; *see also In re Am. Honda Motor Co., Inc.*, No. 2:15-md-2661, 2015 WL 12723036, at *4 (S.D. Ohio Dec. 18, 2015) (noting that "[t]he position of liaison counsel requires a considerable amount of coordinating between class counsel and the Court as well as between class counsel, interim co-lead counsel, and defense counsel…."). Liaison counsel usually have offices in the same locality as the court. *Manual for Complex Litig*. § 10.221. Here, Plaintiffs propose that Terence R. Coates serve as Interim Liaison Counsel. As local attorney, Mr. Coates is intimately familiar with the local rules, practices, and procedures of this District and has appeared before this Court several times representing plaintiffs in class action cases.

### a. Terence R. Coates (Markovits, Stock & DeMarco, LLC).

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC in Cincinnati, Ohio. Mr. Coates is currently the President-elect of the Cincinnati Bar Association's

---

[7] *In re MyFord Touch Consumer Litig.*, No. 3:13-cv-03072 (N.D. Cal.) (Chen, J.) ($17 million settlement involving monetary payments distributed to 360,000 class members).

Board of Trustees and Executive Director of the Potter Stewart Inn of Court. Mr. Coates has extensive experience handling class action and complex cases across the country, and has participated as class counsel in the following resolved class action cases within the Southern District of Ohio: *Williams v. Duke Energy Int'l, Inc.*, No. 1:08-cv-46, 2016 WL 8135282 (Apr. 25, 2016) (complex antitrust and civil RICO class action resulting in $80.875 million settlement); *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-333, 2022 WL 2125574 (June 13, 2022) (class action settlement involved recovery of $742 million in unpaid retirement benefits); Prelim. and Final Approval Orders, *Walker v. Nautilus, Inc.*, No. 20-cv-3414 (Nov. 16, 2021; June 27, 2022), ECF 41, 55 ($4.25 million settlement for treadmill purchasers); *Bechtel v. Fitness Equip. Servs., LLC*, No. 1:19-cv-726, 2022 WL 22726832 (Sept. 30, 2022) ($3.65 million settlement for treadmill purchasers); Final Approval Order, *Tucker v. Marietta Area Health Care*, No. 2:22-cv-185 (Dec. 7, 2023), ECF 38 ($1.75 million data breach class action settlement); *Bowling v. Pfizer, Inc.*, 144 F. Supp. 3d 945 (2015) (class counsel for international class of defective heart valve recipients); and *Day v. NLO, Inc.*, No. 1:90-cv-67 (class counsel for class of former nuclear energy workers relating to continued medical monitoring program).

Federal courts routinely recognize Mr. Coates and his firm as being experienced with handling complex cases including class actions. *Navistar Int'l Corp.*, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex cases including class action cases such as this one."); *Bechtel*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Miranda v. Xavier Univ.*, No. 1:20-cv-539, 2023 WL 6443122, at *2 (S.D. Ohio Oct. 3, 2023) ("Plaintiffs are represented by extremely qualified counsel with

extensive experience prosecuting class actions."); *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (noting that class counsel, including Mr. Coates, "are well qualified to serve as Interim Co-Lead Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role."); *Schellhorn v. Timios, Inc.*, No. 2:221-cv-08661, 2022 WL 4596582, at *4 (C.D. Cal. May 10, 2022) (noting that Class Counsel, including "Terence R. Coates of Markovits, Stock & DeMarco, LLC, have extensive experience litigating consumer protection class actions …."). Based on his experience in complex class action cases, his familiarity with this Court's standing orders and this District's local rules, Mr. Coates is qualified to assist Plaintiffs in this matter as a member of Proposed Liaison Class Counsel.

**C.     The Proposed Interim Lead Counsel Structure Balances Strategic Guidance with Next Generation Development**

Appointing Steve W. Berman and Catherine Y.N. Gannon as Interim Lead Counsel—with Mr. Berman serving as senior strategist and mentor and Ms. Gannon also in a co-leadership position—ensures that the Class benefits from Mr. Berman's unparalleled strategic experience in MDLs, while also empowering Ms. Gannon to help lead daily management, discovery, briefing, and trial preparation.

Federal courts and judicial institutions have increasingly endorsed leadership models that deliberately combine seasoned oversight with opportunities for rising attorneys. *See, e.g., In re Suboxone (Buprenorphine/Naloxone) Antitrust Litig.*, MDL No. 3092, CMO No. 2 (N.D. Ohio July 18, 2024) (Calabrese, J.) (Leadership Development Committee created "to promote and advance the development of future leadership candidates"); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924, PTO No. 20 (S.D. Fla. May 8, 2020) (Leadership Development Committee created and "mentored by and work with those attorneys appointed to the PSC");

*In re Philips Recalled CPAP, Bi-Level PAP, & Mechanical Ventilator Prods. Liab. Litig.*, MDL No. 3014, PTO No. 8 (W.D. Pa. Feb. 25, 2022) (Leadership Development Committee overseen by senior attorneys to provide "the education, experience, and mentorship necessary to lead future MDLs"). The establishment of these Leadership Development Committees is also consistent with contemporary scholarly research encouraging the creation of leadership structures that combine experienced oversight with intentional mentorship.[8] Plaintiffs' proposal embodies those recommendations in a streamlined manner: Mr. Berman provides unmatched strategic credibility, while Ms. Gannon contributes disciplined case management skills. Together, they offer an efficient, yet highly effective, forward-looking model serving the immediate needs of the Class and strengthening the long-term integrity of the MDL system.

### D. Interim Class Counsel Can Commit the Necessary Resources to Support Appointment

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel bring deep institutional resources, experienced teams across multiple offices, and a demonstrated commitment to funding and managing this type of large and complex litigation.

### E. Other Factors Support Designating Proposed Interim Class Counsel

The proposed leadership structure has the support of all the Plaintiffs and their attorneys. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan.

---

[8] Bolch Judicial Inst., *Guidelines and Best Practices for Large and Mass-Tort MDLs* (2d ed. 2018) (Best Practice 4E) (recommending mentoring within MDL leadership); Stephen R. Bough & Elizabeth Burch, *Collected Wisdom on Selecting Leaders and Managing MDLs*, 106 *Judicature* 1 (2022) (describing several examples of judicially-appointed leadership structures to enhance "mentorship opportunities to foster less experienced attorneys' professional growth").

May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel . . . Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel."); *Manual for Complex Litig*. §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach). Proposed Interim Class Counsel seeks this leadership structure to best serve the interests of the Class Members in the most efficient manner possible.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, and acceptance of the obligations owed as officers of the court, all of which are critical to successful management of the litigation. *Manual for Complex Litig*. § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Here, Interim Class Counsel has already demonstrated their ability to work collaboratively with the other Plaintiffs' Counsel via the timely filing of the Consolidated Complaint (ECF 16), and with defense counsel via the filing of the Joint Status Report and Joint Proposed Case Schedule through June 2026. ECF 13.

While Proposed Interim Class Counsel intends to litigate the case zealously, they are cognizant of the Court's expectation that the case be prosecuted efficiently with an eye on avoiding duplication. Proposed Interim Class Counsel have already discussed how to effectively

use their diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

## V.     CONCLUSION

Plaintiffs respectfully request that the Court appoint Steve W. Berman and Catherine Y.N. Gannon of Hagens Berman Sobol Shapiro LLP as Interim Lead Counsel and Terence R. Coates of Markovits, Stock & DeMarco, LLC as Interim Liaison Counsel.

DATED: October 10, 2025                    Respectfully submitted,

      */s/ Terence R. Coates*
Terence R. Coates (0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Facsimile:  (513) 665-0219
tcoates@msdlegal.com

*Proposed Interim Liaison Counsel*

Steve W. Berman
Catherine Y.N. Gannon
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
catherineg@hbsslaw.com

*Proposed Interim Lead Counsel*

Rebecca A Peterson
Catherine A. Peterson
Krista Freier
**GEORGE FELDMAN MCDONALD PLLC**
1650 W 82nd Street, Suite 880
Bloomington, MN 55431
Tel: (612) 778-9595
Fax: (888) 421-4173
rpeterson@4-justice.com
cpeterson@4-justice.com
kfreier@4-justice.com

          Kim E. Richman
          Jennifer K. Church
          **RICHMAN LAW & POLICY**
          1 Bridge Street, Suite 83
          Irvington, NY  10533
          Tel: (212) 687-8291
          krichman@richmanlawpolicy.com
          jchurch@richmanlawpolicy.com

## CERTIFICATE OF SERVICE

  I hereby certify that on October 10, 2025, I served the foregoing upon counsel for all parties through their counsel of record by filing it with the Court's electronic-filing system, in accordance with Fed. R. Civ. P. 5(b)(2)(E) and S.D. Ohio Civ. R. 5.2(b).

/s/ *Terence R. Coates*
Terence R. Coates (0085579)
