**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: PROCTER & GAMBLE COMPANY "PROTECT", GROW, AND RESTORE" MARKETING AND SALES PRACTICES LITIGATION | Case No. 2:25-md-03157-DRC-KAJ<br><br>Honorable Douglas R. Cole<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF MAGGIO'S OPPOSITION TO DEFENDANT**
**PROCTER & GAMBLE COMPANY'S MOTION TO DISMISS CERTAIN CLAIMS**
**FROM *MAGGIO V. PROCTER & GAMBLE*, NO. 1:25-CV-02667**
**(S.D.N.Y. FILED MAR. 31, 2025)**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................................................2

     A.    P&G does not explain how this Court is permitted to assess, let alone dismiss, claims that Plaintiffs have not plead in the Consolidated Complaint................................................................................2

     B.    P&G's substantive arguments have no merit. ..............................................3

          1.    Rejecting Plaintiff Maggio's claims based on the laws of other states would be premature. ..........................................................3

          2.    Plaintiff Maggio properly pleads breach of implied warranty. ....................................................................................4

          3.    Plaintiff Maggio properly pleads unjust enrichment. .......................4

II.   CONCLUSION .........................................................................................................5

## I.        INTRODUCTION

*Maggio v. Procter & Gamble Co.*, No. 1:25-cv-02667 (S.D.N.Y. filed Mar. 31, 2025), is one of the underlying cases in this multi-district litigation filed in the Southern District of New York. In *Maggio,* Plaintiff Maggio asserted in her underlying complaint certain claims such as false advertising statutes for various states not including New York state, breach of implied warranty, and unjust enrichment. These claims are *not* included in the Consolidated Class Action Complaint[1] that Plaintiffs filed after the Related Cases were consolidated. ECF No. 16.

P&G seeks dismissal of these specific claims contending that Plaintiff Maggio has abandoned them but has provided no authority that allows this Court to grant its request. *See,* Mot. at 40 (citing nothing). P&G then proceeds to substantively challenge these claims over the course of three pages as if these claims were actually plead and were placed in front of this Court for resolution. Mot. at 41-43. This is improper.

**A.        P&G does not explain how this Court is permitted to assess, let alone dismiss, claims that Plaintiffs have not plead in the Consolidated Complaint.**

The Consolidated Complaint states that: "[t]his Complaint incorporates the previous complaints from the seven related actions and serves as the operative administrative complaint for MDL purposes in Case No. 2:25-md-03157-DRC-KAJ, but not as the operative pleading for the individual case numbers listed below. … Plaintiffs expressly reserve all rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), including the right to trial in the original transferor courts. Nothing in this Consolidated Complaint shall be construed as consent to trial of these seven related actions in the transferee court." ¶¶ 20–21. P&G has not pointed to any

---

[1] Plaintiff Maggio continues to bring claims for herself and on behalf of a New York subclass under (N.Y. Gen. Bus. Law §§ 349-350) and fraudulent concealment under New York law. These claims are included in the Consolidated Complaint (¶¶622-639) and Plaintiff Maggio joins in the main Plaintiffs' brief in opposition to P&G's motion to dismiss those claims. ECF No. 18.

authority whatsoever that holds that Plaintiff Maggio has abandoned these claims. Mot. at 40 (citing nothing). Nor has P&G cited to any authority that allows it to challenge any claims that were not plead in the Consolidated Complaint. *Id*. Indeed, this Court hasn't even been presented with the underlying complaint in *Maggio* so this Court is unable to actually review the remaining claims as plead by Plaintiff Maggio. And without such basic pleadings at its disposal, how can P&G properly assert that this Court is in any position to analyze them substantively as part of its Rule 12 analysis of the Consolidated Complaint (which does not include these claims). Therefore these remaining *Maggio* claims remain legally viable in the underlying action. *Maggio v. Procter & Gamble Co.*, No. 1:25-cv-02667 (S.D.N.Y. filed Mar. 31, 2025).

**B.      P&G's substantive arguments have no merit.**

Assuming, *arguendo,* P&G is permitted to seek dismissal of claims that are not included in the Consolidated Complaint, P&G's request should also be denied for substantive reasons.

**1.      Rejecting Plaintiff Maggio's claims based on the laws of other states would be premature.**

P&G calls Count III of Plaintiff Maggio's original Complaint a "shotgun pleading" and raises specific objections to the applicability of the Alabama, Arkansas, Georgia, Louisiana, Montana, Mississippi, South Carolina, and Tennessee consumer protection statutes. Mot. at 52-54.

Dealing with these arguments is premature. When a nationwide class action alleges claims under the laws of all 50 states, which Plaintiff Maggio does in her underlying complaint, determining the extent of claims allowed is deferred "until after the class certification issue has been resolved." *In re Grand Theft Auto Video Game Consumer Litig.*, 2006 WL 3039993, at *3 (S.D.N.Y. Oct. 25, 2006); *see also Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 236 (S.D.N.Y. 2020) (declining to "dismiss the claims of potential class members" because, at the pleadings stage, "any claims brought by the putative class are hypothetical, and the Court has no

knowledge of who will be asserting such claims or what the bases for specific jurisdiction might be").

Whether the named class representative herself cannot fully allege a violation of every consumer protection regime nationwide is not germane for determination at this stage. P&G's objections are, given the nature of a class action and the stage of the litigation, meritless.

### 2. Plaintiff Maggio properly pleads breach of implied warranty.

P&G argues that Plaintiff Maggio cannot maintain an action for breach of implied warranty because there is a lack of privity between Plaintiff and P&G. As P&G observes, Plaintiff Maggio purchased the Products from big box retailers. Mot. at 54. But at the pleadings stage, a class representative has standing to seek relief for "products [she] did not purchase" so long as the products are "sufficiently similar." *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 563 (S.D.N.Y. 2016) (Marrero, J.); *see also Akridge v. Whole Foods Mkt. Grp., Inc.*, 2022 WL 955945, at *6 (S.D.N.Y. Mar. 30, 2022). P&G has at various times sold directly to consumers online. While Plaintiff Maggio has not purchased directly from P&G, class members may have. Plaintiff Maggio's situation—buying the same Products but from a retailer—is "substantially similar" to such future class members, and so the issue should be deferred.

### 3. Plaintiff Maggio properly pleads unjust enrichment.

P&G argues that Plaintiff Maggio's unjust enrichment claim must be dismissed because it is duplicative. Mot. at 54-55. Dismissal is inappropriate at the pleading stage, before the facts are fully developed. *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 545 (S.D.N.Y. 2013) (Briccetti, J.) (denying dismissal of unjust enrichment claim). Plaintiff Maggio is "permitted to plead unjust enrichment in the alternative where the contract governing the transaction and its applicability are in dispute." *OEC Freight (NY), Inc. v. Storlie Furniture Distribs., LLC*, 2025 WL 1617456, at *5 (S.D.N.Y. June 6, 2025); *see also Nachman v. Tesla, Inc.*, 2023 WL 6385772, at *6 (E.D.N.Y.

-4-

Sept. 30, 2023) ("A plaintiff may plead unjust enrichment in the alternative when a jury could find unjust enrichment on one view of the evidence, or a different theory of recovery on a different view of the facts—such as when a jury might find that a plaintiff was entitled to recover on a contract or, alternatively, that no contract existed but that defendant's retention of funds would be unjust."), *aff'd*, 2025 WL 1201996 (2d Cir. Apr. 25, 2025). Plaintiff Maggio is proceeding on a warranty theory, and P&G responds that there is a lack of privity preventing recovery. A plaintiff "may plead unjust enrichment in the alternative to a breach of warranty claim." *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 706 (2d Cir. 2020). So too here, where P&G is explicitly contesting Plaintiff Maggio's warranty claims. Mot. at 54-55.

## II.    CONCLUSION

The Court should deny the entirety of P&G's Motion to Dismiss the Consolidated Class Action Complaint (ECF No. 16), including P&G's improper request to dismiss the remaining *Maggio* claims that are not plead in the Consolidated Complaint.

Dated: December 12, 2025                    Respectfully submitted,

MARKOVITS, STOCK & DEMARCO, LLC

By: */s/ Terence R. Coates*
    Terence R. Coates (0085579)
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Facsimile:  (513) 665-0219
tcoates@msdlegal.com

*Proposed Interim Liaison Counsel*

Steve W. Berman (admitted *pro hac vice*)
Catherine Y.N. Gannon (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
catherineg@hbsslaw.com

*Proposed Interim Lead Counsel*

Rebecca A Peterson (admitted *pro hac vice*)
GEORGE FELDMAN MCDONALD PLLC
1650 W 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile:  (888) 421-4173
rpeterson@4-justice.com

Kim E. Richman (*pro hac vice* forthcoming)
Jennifer K. Church (admitted *pro hac vice*)
RICHMAN LAW & POLICY
1 Bridge Street, Suite 83
Irvington, NY 10533
Telephone: (212) 687-8291
krichman@richmanlawpolicy.com
jchurch@richmanlawpolicy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I caused a copy of the forgoing was served via electronic filing in the CM/ECF system, which will send notice of filing to all counsel of record.

*/s/ Terence R. Coates*
Terence R. Coates (0085579)